# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. CR 07-110S

FELIX RODRIGUES

## ARRAIGNMENT AND PRETRIAL DISCOVERY ORDER

In open Court on November 19, 2007, the defendant, FELIX RODRIGUES was arraigned pursuant to Rule 10, Federal Rules of Criminal Procedure, and was called upon to plead to the indictment.

The defendant entered a plea of NOT GUILTY.

It is hereby ORDERED:

A. Pending trial or disposition, the defendant shall be (detained or released).

B. The defendant will be represented by John M. Cicilline, Esq.

This case is referred for trial before JUDGE WILLIAM E. SMITH. This case will be considered ready for trial on or after January 11, 2008, subject to the continuous trial calendar.

A pretrial conference shall be held on January 3, 2008 at 2:00 P.M. in Chambers, before JUDGE WILLIAM E. SMITH, Room 412 , One Exchange Terrace, Federal Building and Courthouse, Providence, RI.

It is further ORDERED:

I. Discovery Pursuant to Rule 16, Fed.R.Crim.P.

Within 5 days of the arraignment, the attorney for the government and the attorney for the defendant or the defendant, if acting pro se, shall meet and provide to each other written requests for disclosure of material and information pursuant to Rule 16(a) and (b), Fed.R.Crim.P., unless within the 5 day period, the party entitled to disclosure shall file with the clerk a waiver thereof.

(A) Governmental Disclosure of Evidence. Within 5 days of any such written request for discovery by the defendant pursuant to Rule 16(a)(1), Fed.R.Crim.P., the government shall disclose:

(1) Any statement of the defendant which would be subject to disclosure pursuant to Rule 16(a)(1)(A)-(C), Fed.R.Crim.P.

(2) Any prior criminal record of the defendant which would be subject to disclosure pursuant to Rule 16(a)(1)(D), Fed.R.Crim.P.

(3) Any documents and tangible objects which would be subject to disclosure pursuant to Rule 16(a)(1)(E), Fed.R.Crim.P.

(4) Any reports of examinations and tests which would be subject to disclose pursuant to Rule 16(a)(1)(F), Fed.R.Crim.P.

(5) Any summaries of expert witness testimony which would be subject to disclosure pursuant to Rule 16(a)(1)(G), Fed.R.Crim.P.

(6) Any material or information, within the meaning of Giles v. Maryland, 386 U.S. 66 (1967), Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), which tends to negate the guilt of the accused or to reduce his or her punishment for the offense charged.

(7) Whether the government counsel's file indicates that any wire or oral communications have been intercepted. (See 18 U.S.C. §§ 2515-2518).

The above required disclosure are subject to the limitations contained in Rule 16(a)(2) and (3), Fed.R.Crim.P.

(B) The Defendant's Disclosure of Evidence.

(1) If the defendant requests disclosure pursuant to subsection (A)(3) or (4) above, within five days of the government's compliance therewith, the defendant shall disclose any documents and tangible objects which would otherwise be

subject to disclosure pursuant to Rule 16(b)(1)(A), Fed.R.Crim.P.

(2) If the defendant requests disclosure pursuant to subsection (A)(3) or (4) above, within five days of the government's compliance therewith, the defendant shall disclose any reports of examinations and tests which would otherwise be subject to disclosure pursuant to Rule 16(b)(1)(B), Fed.R.Crim.P.

(3) If the defendant requests disclosure pursuant to subsection (A)(5) above, within five days of the government's compliance therewith, the defendant shall disclose any summaries of expert witness testimony which would otherwise be subject to disclosure pursuant to Rule 16(b)(1)(C), Fed.R.Crim.P.

The above required disclosures are subject to the limitations contained in Rule 16(b)(2), Fed.R.Crim.P.

(C) Continuing duty to disclose. The disclosures required by this order are subject to the continuing duty to disclose contained in Rule 16(c), Fed.R.Crim.P.

(D) No motions shall be filed by the defendant except after a meeting with the government attorney, and all discovery shall close on the 20th day following the arraignment. The time for compliance with this order shall not be extended except by order of the Court. The clerk shall accept for filing only those discovery motions which state that the opposing party objects to said requested discovery. Willful violations of this order shall subject counsel to sanctions by the Court.

## II. Alibi Witnesses and Mental Illness Experts.

The discovery of alibi witnesses shall be governed by Rule 12.1, Fed.R.Crim.P., rather than by this order. The discovery of expert testimony regarding a defendant's mental condition shall be governed by Rule 12.2(b), Fed.R.Crim.P., in addition to this order.

## III. Motions Not Governed by Rule 16, Fed.R.Crim.P.

Motions for discovery, other than those pursuant to Rule 16, Fed.R.Crim.P., shall be in writing and specify with particularity the legal and factual basis for such discovery. Motions for discovery based upon constitutional or statutory grounds shall specify with as much certainty as

possible the requested information and may be supported by affidavits filed with the motion.

IV. Jencks Act Discovery.

Where the government agrees, pursuant to an open-file policy or otherwise, to provide pretrial discovery of witness statements, or where the court orders production of grand jury material or witness statements in accordance with 18 U.S.C. § 3500 and Rule 26.2, Fed.R.Crim.P., the defendant shall provide reciprocal pretrial discovery of witness statements to the government.

V. Duty to Address Speedy Trial Act Excludable Time Implications in Pretrial Motions.

(A) Any motion for a continuance of a trial, and any other pretrial motion filed after arraignment, whether by the government or the defendant, shall include:

(1) a statement of whether or not any delay occasioned by the making, hearing or granting of that motion will constitute, in whole or in part, excludable time as defined by 18 U.S.C. § 3161(h);

(2) if so, a statement or estimation of the number of days to be excluded or a statement describing how excludable time shall be determined by reference to a specified future event; and

(3) a statement of whether or not there has been any past or ongoing delay related or unrelated to the subject matter of the motion, which is excludable, and a statement of whether or not the subject matter of the motion has previously been ruled upon; if either statement is in the affirmative, a statement or estimation of the number of excludable days or a statement describing how excludable time should be determined by reference to a specified future event.

(B) The opposing party shall, in addition to it's opposition to or agreement with the substance of the motion, state its agreement with or opposition to, in whole or in part, the statements or estimations of the moving party made pursuant to subsections (A)(1)-(3) of this section.

(C) In the event that either party requests a continuance pursuant to subsection (A) of

this section and states that the delay therefrom should be excluded under 18 U.S.C. § 3161(h)(8), that party shall set forth the reasons in support of a finding that the ends of justice served by the granting of a continuance outweigh the best interests of the public and the defendant in a speedy trial.

The defendant having requested time after receipt of the discovery to be furnished pursuant to this order to prepare and file pretrial motions and the court having granted the defendant a period of time thereafter to prepare pretrial motions for filing, it is ORDERED that the time from December 10, 2007 up to and including December 31, 2007, a period of twenty (20) days, be, and the same hereby is, DEEMED EXCLUDABLE pursuant to 18 U.S.C. § 3161(h)(8)(A). Such period is excludable, because the interests of justice in allowing the defendant some time to examine the discovery furnished to him or her and to prepare pretrial motions outweighs the interests of the public and the defendant in a speedy trial.

All pretrial motions shall be filed on or before the close of business on December 31, 2007. No motions may be filed after that time unless permitted by the Court upon a showing of good cause.

All responses/oppositions to any pretrial motions shall be filed on or before the close of business on January, 10, 2008.

By Order,

Martha Saucier
Deputy Clerk

ENTER:

DAVID L. MARTIN
U.S. Magistrate Judge

Dated: November 19, 2007